# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
TIFFANY HUETTL,       \*       No. 23-68V
*as natural guardian and legal representative* \*
*of her minor son, R.H.*      \*
                                 \*
               Petitioner,       \*       Special Master Christian J. Moran
v.       \*
                                 \*       Filed: March 28, 2025
SECRETARY OF HEALTH       \*
AND HUMAN SERVICES,       \*
                                 \*
               Respondent.       \*
* * * * * * * * * * * * * * * * * * * * * * * *

Lawrence Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner;
Jamica Marie Littles, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On January 19, 2023, petitioner Tiffany Huettl filed a petition on behalf of her minor child R.H. for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 et seq. ("Vaccine Act" or "Act"). Petitioner alleged that an influenza ("flu") vaccine administered to R.H. on February 20, 2020, caused chronic osteomyelitis. Pet. at 1. On September 5, 2023, the undersigned ruled that petitioner is entitled to compensation under the Vaccine Act.

On March 26, 2025, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the undersigned finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**Respondent proffers that R.H. should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value.**

**A lump sum payment of $155,589.40, representing compensation for life care expenses in the first year after judgment ($5,589.40), and pain and suffering ($150,000.00), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of the estate of R.H., for the benefit of R.H. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of R.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.H., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.H. upon submission of written documentation of such appointment to the Secretary.**

**An amount sufficient to purchase the annuity contract, subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner only so long as R.H. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart as Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.**

**Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.**

**The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as R.H. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of R.H.'s death.**

**No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of R.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.H., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.H. upon submission of written documentation of such appointment to the Secretary.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 23-68V according to this decision and the attached proffer.[2]

Any questions regarding this order may be directed to my law clerk, Josh Baker, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| TIFFANY HUETTL, as natural guardian and legal representative of her minor son, R.H., ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) ) | No. 23-68V Special Master Moran ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 19, 2023, Tiffany Huettl ("petitioner"), on behalf of her minor child, R.H., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that as a result of receiving an influenza ("flu") vaccine on February 20, 2020, R.H. suffered from chronic osteomyelitis. Petition, ECF No. 1 at 1. On September 5, 2023, respondent filed his Rule 4(c) Report conceding that petitioner is entitled to compensation in this case. ECF No. 26. Accordingly, on September 6, 2023, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 31.

**I.    Items of Compensation**

   A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CLCP, and petitioner engaged Roberta Hurley, Hurly Consulting, to provide an estimation of R.H.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan

are supported by the evidence and are illustrated by the chart entitled Appendix A: Items of Compensation for R.H., attached hereto as Tab A.[1] Petitioner agrees.

      B.      <u>Pain and Suffering</u>

Respondent proffers that R.H. should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

## II.     Form of the Award

The parties recommend that the compensation provided to R.H. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A. A lump sum payment of $155,589.40, representing compensation for life care expenses in the first year after judgment ($5,589.40), and pain and suffering ($150,000.00), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of the estate of R.H., for the benefit of R.H. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of R.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.H., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] Should R.H. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

serve as guardian(s)/conservator(s) of the estate of R.H. upon submission of written documentation of such appointment to the Secretary.

      B.  An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

only so long as R.H. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

        1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

        2.    <u>Life-Contingent Annuity</u>

The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as R.H. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of R.H.'s death.

        3.    <u>Guardianship</u>

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of R.H.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of R.H., any such payment shall be made to the party or parties

appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.H. upon submission of written documentation of such appointment to the Secretary.

**III.**     **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to the court-appointed guardian(s)/ conservator(s) of the estate of R.H. for the benefit of R.H.:     **$155,589.40**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA E. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-4014
Email: jamica.m.littles@usdoj.gov

Dated:  March 26, 2025

Appendix A:  Items of Compensation for R. H.    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-8 | Compensation Year 9 | Compensation Year 10 | Compensation Years 11-17 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2025 | 2026-2029 | 2030 | 2031-2032 | 2033 | 2034 | 2035-2041 |
| Insurance Maximum out of Pocket | 5% | | | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 5,000.00 |
| Medicare Part B Deductible | 5% | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | |
| Orthopedist | 5% | * | | | | | | | | |
| Physiatrist | 5% | * | | | | | | | | |
| X-rays of Left Leg | 5% | * | | | | | | | | |
| X-rays of Lower Back, Hips, Knees | 5% | * | | | | | | | | |
| MRI/CT | 5% | * | | | | | | | | |
| EMG | 5% | * | | | | | | | | |
| Surgery Left Leg | 5% | * | | | | | | | | |
| Mileage | 4% | | | 554.40 | 554.40 | 554.40 | 554.40 | 554.40 | 8,316.00 | |
| Tolls | 4% | | | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 600.00 | |
| Prescritions Pre & Post Leg Surgery | 5% | * | | | | | | | | |
| Tylenol | 4% | | | | | 12.47 | | | | |
| Counseling | 4% | * | | | | | | | | |
| Physical Therapy | 4% | * | | | | | | | | |
| Special Shoes w/Lifts | 4% | | | 600.00 | 600.00 | 600.00 | 600.00 | | | |
| Walker | 4% | * | | | | | | | | |
| Manual Wheelchair | 4% | * | | | | | | | | |
| Leg Length Blocks | 4% | | | 395.00 | | | | | | |
| Q-Tips | 4% | | | | | 47.28 | | | | |
| Portable Ramp | 4% | | | | | 135.82 | | | | |
| Tearaway Pants | 4% | | | | | 107.91 | | | | |
| Spinal Injections | 5% | * | | | | | | | | |
| Hip & Lower Back Surgery | 5% | * | | | | | | | | |
| Pain and Suffering | | | | 150,000.00 | | | | | | |
| Annual Totals | | | | 155,589.40 | 5,194.40 | 5,497.88 | 5,194.40 | 4,594.40 | 12,916.00 | 5,000.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner
pain and suffering ($150,000.00) and Yr 1 life care expenses ($5,589.40): $155,589.40.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 18-56 2042-2080 | Compensation Years 57-Life 2081-Life |
|---|---|---|---|---|---|
| Insurance Maximum out of Pocket | 5% | | | 4,500.00 | |
| Medicare Part B Deductible | 5% | | | | 257.00 |
| Medigap | 5% | | M | | 1,458.72 |
| Orthopedist | 5% | * | | | |
| Physiatrist | 5% | * | | | |
| X-rays of Left Leg | 5% | * | | | |
| X-rays of Lower Back, Hips, Knees | 5% | * | | | |
| MRI/CT | 5% | * | | | |
| EMG | 5% | * | | | |
| Surgery Left Leg | 5% | * | | | |
| Mileage | 4% | | | | |
| Tolls | 4% | | | | |
| Prescritions Pre & Post Leg Surgery | 5% | * | | | |
| Tylenol | 4% | | | | |
| Counseling | 4% | * | | | |
| Physical Therapy | 4% | * | | | |
| Special Shoes w/Lifts | 4% | | | | |
| Walker | 4% | * | | | |
| Manual Wheelchair | 4% | * | | | |
| Leg Length Blocks | 4% | | | | |
| Q-Tips | 4% | | | | |
| Portable Ramp | 4% | | | | |
| Tearaway Pants | 4% | | | | |
| Spinal Injections | 5% | * | | | |
| Hip & Lower Back Surgery | 5% | * | | | |
| Pain and Suffering | | | | | |
| Annual Totals | | | | 4,500.00 | 1,715.72 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner
pain and suffering ($150,000.00) and Yr 1 life care expenses ($5,589.40): $155,589.40.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.