# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| TIFFANY HUETTL, *as natural guardian and legal representative of her minor son, R.H.,* Petitioner, | * | No. 23-68V Special Master Christian J. Moran |
| v. | * | Filed: September 3, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Tiffany Huettl's motion for final attorneys' fees and costs. She is awarded **$41,601.17.**

## I. Procedural History

On January 19, 2023, Tiffany Huettl ("petitioner") filed a petition on behalf of her minor child, R.H., for compensation under the Nation Vaccine Injury

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that an influenza ("flu") vaccine administered to R.H. on February 20, 2020, caused chronic osteomyelitis. Pet. at 1. On March 26, 2025, Respondent filed a proffer which the undersigned adopted as his decision on March 28, 2025. 2025 WL 1159507.

On October 27, 2025, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Thereafter, on February 18, 2026, petitioner filed a supplemental motion for attorneys' fees and costs. ("Supp. Fees App."). Petitioner requests attorneys' fees in the amount of $27,682.00, and attorneys' costs in the amount of $18,311.67, for a total request of $45,994.07. Supp. Fees App. at 3. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. Fees App. Ex. C. On October 27, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. On August 7, 2026, petitioner filed additional documentation to support expert costs.

## II. Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for his attorney, Mr. Lawrence Cohan: $484.00 per hour for work performed in 2021, $505.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, $584.00 per hour for work performed in 2024, $614.00 per hour for work performed in 2025, and $679.00 per hour for work performed in 2026. Fees App. at 1; Supp. Fees App. at 2. For paralegal Leah Amen, petitioner requests the following rates: $135.00 per hour for work performed in 2018, $145.00 per hour for work performed from 2019-2021, $155.00 per hour for work performed in 2022, $170.00 per hour for work performed in 2023, $197.00 per hour for work performed in 2024, $214.00 per hour for work performed in 2025, and $229.00 per hour for work performed in 2026. The rate requested for Ms. Amen for 2025 requires an adjustment. The amount requested for Ms. Amen in 2025 is $2.00 greater than the maximum rate allowed for any Program paralegal as set forth in the OSM Attorneys' Forum Hourly Rate Fee Schedule.[2] Petitioner is instead awarded $212.00 per hour for the work performed by Ms. Amen in 2025. **This results in a reduction of $7.80.**[3]

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See

[2] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited July 28, 2026).

[3] This amount is calculated as: ($214 - $212) x 3.9 hours = $7.80.

Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable. Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

Petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced. However, a general principle to differentiate them is somewhat elusive. To qualify as a paralegal, a person needs special training and experience. See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Petitioner's counsel billed multiple entries for clerical activities. For example, receiving, converting, saving, performing OCR, and bates stamping documents, mailing, and filing documents in CM/ECF. See Fees App. Ex. A at 3-4, 6-12, 14. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. See Pickens v. Sec'y of Health & Human Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Spec. Mstr. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed"). Approximately 5.1 hours were billed for these clerical tasks; this results in a reduction of **$885.10**. Petitioner is therefore awarded final attorneys' fees of $26,789.50.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $18,311.67 in attorneys' costs. See Fees App. at 2. These costs are comprised of acquiring medical records, the Court's filing fee, postage, expert services provided by Julie T. Joseph, MD at $500.00 per hour for 4 hours, totaling $2,000.00, a vocational evaluation provided by Steven Gumerman, PhD., at $300.00 per hour for 10 hours, totaling $3,000.00, forensic economist services provided by Bunin Associates at $350.00 per hour for 10 hours, totaling $3,500.00, and guardianship services provided by Ruder Ware totaling $4,252.96 and Remley Law, totaling $550.00, and life care planner services provided by Roberta Hurley, totaling $2,000.00. See Fees App. Ex. B; see also Supp. Fees App. Ex. B. Two experts merit discussion.

Ms. Hurley billed a flat $2,000.00 retainer. Fees App. Ex. B at 26. No contemporaneous billing records were submitted to support Ms. Hurley's billing; however, she did submit a letter explaining her billing practices. Ms. Hurley explained that she charges a different retainer for each service, and for life care planning services provided in this case, she estimates that she spent approximately 14 hours preparing for the site visit, including "reading files and following up on any information we need before the site visit."

Under the Vaccine Program's practice guidelines, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." Id. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. See Vogler v. Sec'y of Health & Human Servs., No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). This is true even if an expert is only paid a retainer fee. Dahl v. Sec'y of Health & Human Servs., No. 13-98V, 2018 WL 6818741, at *8 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Although Ms. Hurley did not provide detailed billing records, the amount she billed for her services was reasonable and will award it in full. Counsel is cautioned that a future failure to provide contemporaneous billing records for expert services could result in a reduction or denial of compensation for those costs.

Royal Bunin prepared a 15-page report, calculating R.H.'s lost earnings. Exhibit 22. Mr. Bunin has charged 10 hours at $350 per hour.

This report was discussed during a status conference held on September 3, 2026. When asked why the report was needed because a formula sets out the compensation for a child's lost earnings, petitioner stated that Mr. Bunim did other things, such as look at the parents' careers. In response, respondent maintained that the report was not necessary because there is no flexibility in determining lost earnings for a minor.

This report was not necessary. Although petitioner's counsel did advise in a May 29, 2024 status conference that he intended to retain a vocational person, counsel did not alert the undersigned that he intended to retain an economist to determine lost earnings.[4] Counsel specifically stated that he was not challenging the formula. Had counsel discussed a plan to obtain a report from both a vocational person and an economist, the undersigned would have paused such a plan especially because R.H.'s loss of earnings was not established yet. In addition, for cases with minors, individualized determinations for lost earnings would normally not be needed. Thus, the proposed charge associated with Royal Bunin is rejected as unnecessary. This results in a deduction of $3,500.00.

The undersigned has reviewed the remaining costs and finds them to be reasonable. Respondent did not object to the costs sought. Accordingly, the attorneys' costs shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs in the amount of **$14,811.67**.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$41,601.17** (representing $26,789.50 in attorneys' fees and $14,811.67 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

---

[4] As discussed during the September 3, 2026 status conference, the retention of a vocational person was questionable. However, petitioner persuasively justified the retention of the vocational person.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

joint notice renouncing their right to seek review.